IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
PAUL HOILAND and
KELLEY HOILAND
            Plaintiffs,
    v.
                                    Case No. 14-1253-RDR

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
            Defendant.
```

**MEMORANDUM AND ORDER**

Plaintiffs, Kelley and Paul Hoiland, seek judicial review of the Commissioner's denial of an application for disability benefits pursuant to Title II of the Social Security Act. This matter is presently before the court upon the Commissioner's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) and plaintiffs' motion to appoint counsel. Plaintiffs have failed to timely respond to the Commissioner's motion. Having carefully reviewed the pending motions and the circumstances of this case, the court finds that the motion for appointment of counsel must be denied and the motion to dismiss must be granted for the following reasons.

I.

Kelley Hoiland applied for disability benefits on April 3, 2013. The claim was denied initially on April 19, 2013, and on

1

reconsideration on June 7, 2013. On February 21, 2014, Mrs. Hoiland requested a hearing before an administrative law judge (ALJ). Her untimely request was dismissed by an ALJ on April 4, 2014. She then requested review of the dismissal. On June 10, 2014, the Appeals Council sent notice denying her request for review. The Hoilands filed the instant case in this court on August 11, 2014. They also filed a motion to appoint counsel on that date. The Commissioner filed the instant motion on October 28, 2014.

II.

Plaintiffs seek appointment of counsel to represent them in this case. They note that they contacted two attorneys, but neither would agree to represent them.

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceedings under 42 U.S.C. § 405(g). As civil litigants, plaintiffs have no Sixth Amendment right to counsel. See Johnson v. Johnson, 466 F.3d 1213, 1217 (10th Cir. 2006). Pursuant to 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." But appointment of counsel is left to the discretion of the court. Johnson, 466 F.3d at 1217. "In determining whether to appoint counsel, the ... court should consider a variety of factors, including the merits of the litigant's claims, the

nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).

The court is not persuaded that counsel should be appointed in this case. An examination of the aforementioned factors reveals that they do not weigh in favor of appointed counsel. The court believes that the issues here are not unduly complex and plaintiffs have the ability to present their claims. The court also notes that plaintiffs made little effort to retain counsel as they only conferred with two attorneys. Accordingly, the court shall deny plaintiffs' motion to appoint counsel.

III.

In the motion to dismiss, the Commissioner raises two arguments. First, the Commissioner argues that the court lacks subject matter jurisdiction because there has been a "final decision made after a hearing." This argument is based upon the contention that Kelly Hoiland failed to timely seek review during the administrative process. The Commissioner next contends that Paul Hoiland lacks standing to be a party to this action, and he is not entitled to represent the interests of his wife, Kelley Hoiland.

The federal government and its agencies, including the

Social Security Administration, are immune from suit absent a waiver of sovereign immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Because sovereign immunity is a jurisdictional issue, the terms of the United States' consent to suit "define [a] court's jurisdiction to entertain the suit." Id. Any waiver of sovereign immunity must be "unequivocally expressed," and it will be strictly construed in favor of the sovereign. United States v. Nordic Vill. Inc., 503 U.S. 30, 34 (1992).

The Social Security Act includes a narrow waiver of sovereign immunity. See 42 U.S.C. §§ 405(g), (h). Pursuant to the Act, a plaintiff may seek judicial review of a "final decision" of the Commissioner. 42 U.S.C. § 405(g). Social Security Administration regulations provide that a "final decision" means that the claimant must complete a four-step administrative process to file a case in federal court seeking review of an agency decision. Weinberger v. Salfi, 422 U.S. 749, 766 (1975). Requiring a claimant to exhaust her administrative remedies by getting a "final decision" before filing a case in federal court allows agencies a chance to correct their own mistakes—if any—which could eliminate the need for judicial involvement altogether. McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992). The SSA regulations recognize a distinction between an ALJ's decision, which is the final decision of the Commissioner and

appealable, and an ALJ's denial of a review. 20 C.F.R. § 422.203(c). However, even when there has been no final decision after a hearing, action by the Commissioner is subject to judicial review where a colorable constitutional claim is raised. See Califano v. Sanders, 430 U.S. 99, 109 (1977).

A decision by an Appeals Council not to consider an untimely request for review is not a "final decision" subject to judicial review. Brandtner v. Dept. of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998).  However, an Appeals Council decision not to review a claimant's late filing may constitute a "final decision" for purposes of judicial review where a colorable constitutional claim is raised. Id., 150 F.3d at 1307 n. 3. Therefore, absent a colorable constitutional claim by the plaintiffs, there is no "final decision" for the court to review, and this court lacks jurisdiction to hear this case.

As noted above, plaintiffs did not timely respond to the instant motion.  But, plaintiffs did allege in their complaint that Kelly Hoiland's failure to timely appeal the denial of benefits was due to her "memory loss."  In support of that allegation, plaintiffs filed a summary from a visit with a registered nurse on June 10, 2014.  This summary indicates that the registered nurse diagnosed Mrs. Hoiland with, inter alia, "memory loss."  Plaintiffs also attached the order of dismissal

5

from the ALJ.  In dismissing Mrs. Hoiland's claim as untimely, the ALJ found there was no medical information in her file that would justify expansion of the filing period.  Mrs. Hoiland had indicated that she missed the deadline to request a hearing because "she thought she was done with the filing process."

The court is not persuaded that plaintiffs have stated a colorable constitutional claim.  There is nothing in the record to sufficiently support a due process violation here.  Mrs. Hoiland waited almost eight months to seek a hearing before an ALJ after her claim was denied on reconsideration.  She made no claim to the ALJ that her failure to timely file was based upon "memory loss."  The information provided to the court by plaintiffs fails to demonstrate that Mrs. Hoiland diligently pursued her claim.  Accordingly, the Commissioner's motion to dismiss must be granted. This case shall be dismissed for lack of jurisdiction.  See Coffey v. Schweiker, 559 F.Supp. 1375, 1377 (D.Kan. 1983).  With this decision, the court need not consider the other argument raised by the Commissioner.

IT IS THEREFORE ORDERED that plaintiffs' motion to appoint counsel (Doc. # 4) be hereby denied.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Doc. # 9) be hereby granted.  This case is hereby dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 18th day of December, 2014.

                                      <u>s/Richard D. Rogers</u>
                                      Richard D. Rogers
                                      Senior United States Judge